

FILED
DEC 17 2022

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| WILLIAM RAY BAKER,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES E. MARSH,<br><br>Defendant. | 5:22-CV-05068-CBK<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff filed a pro se complaint against James E. Marsh alleging that, while he was acting as the Director, a staff attorney, and Administrative Law Judge for the South Dakota Department of Labor he violated plaintiff's federal constitutional or statutory rights in relation to plaintiff's worker's compensation claim which was filed in 2015 and concluded in 2022. Defendant filed a motion to dismiss on the basis of lack of subject matter jurisdiction and failure to state a claim.

I. **Rooker-Feldman.**

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256, 133 S. Ct. 1059, 1064, 185 L. Ed. 2d 72 (2013) (internal quotations omitted) (*quoting* Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)). "The threshold inquiry in every federal case is whether the court has jurisdiction" and the Eighth Circuit has "admonished district judges to be attentive to a satisfaction of jurisdictional requirements in all cases." Rock Island Millwork Co. v. Hedges-Gough Lumber Co., 337 F.2d 24, 26-27 (8th Cir. 1964), and Sanders v. Clemco Industries, 823 F.2d 214, 216 (8th Cir. 1987). As a threshold matter, the district court must determine whether federal subject matter jurisdiction exists and this Court may raise

such issue *sua sponte*. Auto-Owners Inc. CO. v. Tribal Court of Spirit Lake Indian Reservation, 495 F.3d 1017, 1020 (8th Cir. 2007).

The facts alleged in the complaint appear to stem from a denial of plaintiff's workers compensation case before the South Dakota Department of Labor, Division of Labor and Management. Plaintiff contends in his complaint that defendant, acting as the Director, Staff Attorney, and Administrative Law Judge violated plaintiff's "Constitutional Rights, federal laws), of the American (sic) Disabillities (sic) Act." Plaintiff nowhere alleges what federal constitutional right he claims defendant violated, only that defendant's actions violated his rights. His only mention of the Americans with Disabilities Act is the above language.

Plaintiff contends that defendant allowed evidence to be used against him during state jurisdiction proceedings. Plaintiff contends that his interaction with the defendant began in the Summer of 2015 when plaintiff filed his workers compensation complaint. Plaintiff references a case decision dated July 17, 2017, a decision from August 2020, and resulting South Dakota Circuit Court and Supreme Court proceedings. Plaintiff contends defendant allowed "work comp fraud" and labored under a conflict of interest during plaintiff's workers compensation proceedings.

I take judicial notice of the records of the South Dakota Department of Labor and Regulation available at https://dlr.sd.gov/workers_compensation/decisions.aspx. On August 30, 2018, defendant issued an order (signed as Staff Attorney acting as Administrative Law Judge, South Dakota Department of Labor & Regulation, Division of Labor and Management) based upon findings of fact and conclusions of law issued following a hearing, finding that plaintiff was not permanently and totally disabled as a result of workplace injuries. HF No. 55, 2015/16. That decision was appealed to the South Dakota Circuit Court, Hughes County, Civ. 18-187. On June 28, 2019, the Circuit Court affirmed the Department's decision that plaintiff was not permanently disabled as a result of a workplace injury. The matter was remanded to determine what medical expenses and benefits may be due as a result of the workplace injury he did sustain. Following remand and the subsequent Circuit Court entry of judgment, plaintiff appealed

to the South Dakota Supreme Court. The South Dakota Supreme Court issued its decision on April 26, 2022, affirming the Department and the Circuit Court's determination that plaintiff failed to sustain his claim for permanent total disability. Baker v. Rapid City Regional Hospital, 978 NW2d 368 (SD 2022).

The Rooker-Feldman (Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983)), doctrine forecloses indirect attempts to undermine state court decisions. Likewise, a federal constitutional claim, e.g. under 42 U.S.C. § 1983, is "inextricably intertwined" with a state court judgment if the federal claim could succeed only to the extent that the state court wrongfully decided the issue before it. The doctrine applies even though a party to the federal action was not a party in the state court action. *See* Lemonds v. St. Louis County, 222 F.3d 488, 492-95 (8th Cir. 2000). The doctrine applies to claims for injunctive and declaratory relief, as well. Keene Corp. v. Cass, 908 F.2d 293, 297 (8th Cir. 1990).

This Court "is in essence being called upon to review a state court decision." Feldman, 460 U.S. at 482 n.16. *See also* Mosby v. Ligon, 418 F.3d 927 (8th Cir. 2005). Federal district courts are courts of original jurisdiction. This Court is precluded from serving as a court of appeal to review the state court judgments entered in plaintiff's workers compensation case, since that appellate function is reserved to the United States Supreme Court. *See* 28 U.S.C. § 1257.

The United States Supreme Court in 2005 narrowed application of the Rooker/Feldman doctrine to "cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the (federal) court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus., 544 U.S. 280, 284, 125 S.Ct. 1517, 1521-22, 161 L.Ed.2d 454 (2005).

> *Exxon Mobil* makes clear that the *Rooker/Feldman* doctrine precludes federal district court jurisdiction only if the federal suit is commenced after the state court proceedings have ended. *See* [*Exxon Mobile,*] 544 U.S. at 1527 ("[N]either *Rooker* nor *Feldman* supports the notion that properly invoked concurrent jurisdiction vanishes if a state court reaches judgment on the same or related question while the case remains *sub judice* in a federal court."); *see also Mothershed v. Justices of*

3

> *Supreme Court*, 410 F.3d 602, 604–05 n. 1 (9th Cir.2005) (determining whether state-court proceedings were complete as the first step of a post-*Exxon Mobil Rooker/Feldman* analysis). There is no judgment to review if suit is filed in federal district court prior to completion of the state-court action. Rather, "[d]isposition of the federal action, once the state-court adjudication is complete, would be governed by preclusion law." *Exxon Mobil*, 125 S.Ct. at 1527.

Dornheim v. Sholes, 430 F.3d 919, 923 (8th Cir. 2005). *See also* Riehm v. Engelking, 538 F.3d 952, 964 (8th Cir. 2008) ("Rooker-Feldman is a narrow doctrine. It applies only to cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.") (cleaned up).

Plaintiff is seeking damages based upon defendant's denial of his workers compensation claim for total disability benefits. Defendant's decision was affirmed by both the South Dakota Circuit Court and the South Dakota Supreme Court. Plaintiff is attempting to challenge defendant's decision, issued while acting as an administrative law judge considering plaintiff's claim for total disability benefits. The Rooker/Feldman doctrine precludes this Court's jurisdiction in this case.

## II. Sovereign Immunity.

Defendant contends this Court lacks jurisdiction on the basis of sovereign immunity. Plaintiff sued defendant in his official capacity. An official capacity claim "is only nominally against the official and in fact is against the official's office and thus the sovereign itself." Lewis v. Clarke, 197 L. Ed. 2d 631, 137 S. Ct. 1285, 1291 (2017). An action against the sovereign is barred by sovereign immunity. Regents of the Univ. of California v. Doe, 519 U.S. 425, 429, 117 S. Ct. 900, 903–04, 137 L. Ed. 2d 55 (1997).

## III. Failure to State a Claim.

Defendant contends that plaintiff has failed to state a claim upon which relief could be granted against defendant. In order to state a claim redressable under 42 U.S.C. § 1983, plaintiff must allege that (1) defendant violated a right secured by the Constitution or laws of the United States and (2) defendant was a person acting under the

color of state law when doing so. West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 2255, 101 L. Ed. 2d 40 (1988).

Plaintiff's official capacity suit against defendant, who was a state employee acting within the scope of his employment, is a suit against the State of South Dakota. "[N]either a State nor its officials acting in their official capacities are "persons" under § 1983." Will v. Michigan Dept of State Police, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312, 105 L. Ed. 2d 45 (1989).

In any event, plaintiff has failed to plausibly allege the violation of a federal constitutional or statutory right violated by defendant. Merely stating a legal conclusion that defendant violated some unnamed constitutional right or violated the Americans with Disabilities Act, without more, fails to state a claim redressable under 42 U.S.C. § 1983.

**IV. Individual Capacity Claim.**

Plaintiff moved to amend his complaint to "check the box" stating his action was also brought against defendant in defendant's individual capacity. Plaintiff's motion was not filed within 21 day of the defendant's motion to dismiss as required by Fed. R. Civ. P. 15(a)(1). Leave to amend can be granted by the Court pursuant to Fed. R. Civ. P. 12(a)(2) and such leave should be freely given "when justice so requires." Leave to amend is not appropriate in this case.

The proposed amendment simply adds the allegation that defendant is sued in his individual capacity. "District courts can deny motions to amend when there are compelling reasons such as futility of the amendment." Silva v. Metro. Life Ins. Co., 762 F.3d 711, 719 (8th Cir. 2014). "Some examples of futile claims are ones that are duplicative or frivolous or claims that could not withstand a motion to dismiss under Rule 12(b)(6)." Id. (cleaned up).

Even if defendant is sued individually, plaintiff's complaint is still subject to dismissal under the Rooker-Feldman doctrine. Further, the role of an administrative law judge is "functionally comparable to that of a judge," entitling an administrative law judge to absolute immunity from suit under 42 U.S.C. § 1983. Cleavinger v. Saxner, 474 U.S. 193, 200, 106 S. Ct. 496, 500, 88 L. Ed. 2d 507 (1985). The amended complaint, if

allowed, could not withstand a motion to dismiss under Rule 12(b)(6) for failure to state a claim.

## ORDER

Based upon the foregoing,

IT IS ORDERED:

1. Defendant's motion, Doc. 14, to dismiss the complaint is granted. The complaint is dismissed with prejudice.

2. Plaintiff's motion, Doc. 23, to amend the complaint is denied.

3. Plaintiff's motions, Docs. 25, 32, 41, 42, 44, 46, 47, 48, 50, 51, 52, 54, 56, 57, 58, 59, 60, 62, 63, 64, 65, 67 and 68, and any and all other motions filed by plaintiff are all frivolous, scandalous, violate Fed. R. Civ. P. 11, or are otherwise moot and are all denied.

4. Defendant's motion, Doc. 35, for sanctions is denied as moot.

4. The Clerk shall not accept for filing any further documents filed by the plaintiff other than a notice of appeal. The plaintiff has filed volumes of papers that are, as set forth above, frivolous, scandalous and in violation of Rule 11.

DATED this 17th day of December, 2022.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge